BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE SUNDSTRAND DATA CONTROL, INC. )      DOCKET NO. 117
PATENT LITIGATION                      )

OPINION AND ORDER

---

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, JOSEPH S. LORD, III*, STANLEY A. WEIGEL,
ANDREW A. CAFFREY AND ROY W. HARPER, JUDGES OF THE PANEL

---

PER CURIAM

This litigation consists of five actions pending in
four federal districts:  American and Litton, which have been
consolidated in the Northern District of Oklahoma, and one
action each in the Southern District of Florida, the Northern
District of Illinois and the Northern District of Iowa.

Sundstrand Data Control, Inc. (SDC) is a party in all
actions, and its parent is also a party in some of the actions.
At issue in the five actions is the validity of certain SDC
patents on components of a ground proximity warning system.  The
system gives audible warnings to the crew of an aircraft with
respect to certain predetermined and potentially hazardous relation-
ships between the aircraft and the ground. The same eight patents

---

*   Judge Lord took no part in the decision of this matter.

are involved in the Florida, Illinois and Iowa actions. Seven of those eight patents are also involved in _American_. The complaint in _Litton_ questions the validity of fourteen patents, seven of which are also challenged in the Florida, Illinois and Iowa actions, and six of which are involved in _American_.

_American_ and the Florida and Illinois actions were each filed on November 11, 1976, by SDC against manufacturers of competing ground proximity warning systems and/or airline users of competing systems.  SDC alleges patent infringement in each complaint,  and seeks damages and injunctive relief.

Defendants in their answers in the Illinois action have denied patent infringement and have asserted the affirmative defenses of invalidity and unenforceability of the patents, inequitable conduct by SDC in willfully withholding from the Patent Office information relevant to patentability, and patent misuse by violating the antitrust laws in the market for ground proximity warning systems.  Further, defendants allege that in 1974-75, SDC failed to disclose to the

Federal Aviation Administration (FAA) that SDC had filed or intended to file patent applications relating to ground proximity warning systems and that, by so doing, SDC misled the FAA to enact regulations requiring the use of ground proximity warning systems on commercial aircraft. Defendants allege that the FAA would otherwise not have enacted those regulations because of a policy against forcing airlines to purchase equipment from a single supplier. As a result of this conduct, defendants charge, SDC is now estopped from claiming patent infringement. Defendants make similar allegations by affirmative defense and/or counterclaim in American and in the Florida action.

Litton was commenced on December 3, 1976, by a manufacturer of a ground proximity warning system that was sold to the defendant in American. The plaintiff in Litton seeks declaratory relief against SDC, alleging the unenforceability and invalidity of, and plaintiff's non-infringement upon, SDC's patents. Plaintiff charges SDC with violations of the federal antitrust laws by monopolizing and attempting to monopolize ground proximity warning systems for commercial aircraft. Plaintiff also accuses SDC of unfair competition with respect to the systems. Finally, plaintiff raises estoppel arguments similar to those raised

by defendants in the Illinois action relating to SDC's

conduct before the FAA.

The Iowa action was brought against SDC on June 27, 1977,

by a manufacturer of ground proximity warning systems and by

the defendants in the Illinois action.  Plaintiffs' complaint

is substantially similar to the affirmative  defenses

raised in the Illinois action.

Pursuant to 28 U.S.C. §1407(c)(i) and Rule 8, R.P.J.P.M.L.,

65 F.R.D. 253, 258-59 (1975), the Panel issued an order to

show cause why these five actions should not be transferred

to a single district for coordinated or consolidated pretrial

proceedings.[1]    All parties favor transfer under Section 1407,

and the only disagreement centers on the selection of the

transferee forum.  SDC and its parent favor the Southern

District of Florida, while all remaining parties favor transfer

of at least part of all the actions to the Western District

of Washington.

_____

[1] Certain parties moved the Panel to include in the
centralized pretrial proceedings a sixth action, then
pending in the Western District of Washington, but that
action was remanded to Washington state court prior
to the hearing on this matter.

We find that these actions involve common questions
of fact and that their transfer to the Western District
of Washington under Section 1407 for coordinated or
consolidated pretrial proceedings will best serve the
convenience of the parties and witnesses and promote the
just and efficient conduct of the litigation.

All parties recognize, and we agree, that this litigation
involves common factual questions  regarding the validity of
several SDC patents, and that transfer is therefore necessary
in order to eliminate duplicative discovery, prevent inconsistent
pretrial rulings and otherwise conserve  time and effort for the
parties, the witnesses and the judiciary. See In re FMC Corporation
Patent Litigation, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976).

SDC and its parent, in opposing transfer to the Western
District of Washington, rely on the Panel's traditional
reluctance to transfer a group of actions to a forum in
which no related action is pending.  These parties argue that
judicial manpower would be wasted if the transferee judge's
expertise gained in conducting pretrial activities could
not be put to use in the trial of at least one of the
actions.  SDC and its parent contend that discovery will
occur in many places other than the Western District
of Washington,  and  that the civil caseload  in  that
district is much heavier than in other potential transferee

forums.  In support of the Southern District of
Florida as the transferee forum, SDC and its parent
maintain that the civil caseload is lighter in that
district than in any other district in which an action
is pending.  These parties also contend that pretrial in
the Southern District of Florida is slightly ahead of
pretrial in any other district and that transfer there would
enhance the likelihood of bringing all the actions quickly
to trial.  Should the Panel conclude that transfer to the
Southern District of Florida is inappropriate, SDC and its
parent alternatively urge the Northern District of Illinois
as the transferee forum because of its central location,
because SDC's parent is headquartered in that district and
because all defendant airlines do business there.

We find these arguments unpersuasive.  While it is true
that we have been reluctant to select as a transferee forum
a district in which no related action is pending, see, e.g.,
In re Air Crash Disaster Near Papeete, Tahiti, 397 F. Supp.
886, 887 (J.P.M.L. 1975), the source of our traditional
restraint has not been jurisdictional.  We have emphasized
that under appropriate circumstances we would order transfer
of a group of actions to a district in which none of the

constituent actions is pending, see In re Cement and Concrete

Industry Antitrust Litigation, 437 F. Supp. 750, 753 (J.P.M.L.

1977), and we conclude that such circumstances are present

in the litigation now before us.

None of the districts in which actions are pending offers

a strong nexus to the common factual questions in this litigation,

and little discovery on those issues could be expected to

occur in any of them. Nor, by counsel for SDC's admission

at the hearing on this matter, could pretrial proceedings

be characterized as significantly further advanced in any

one particular district. Transcript at 8. The Western District

of Washington, however, has a substantial connection to the

common factual questions raised in the litigation. SDC's

principal place of business is located in that district, and

it is undisputed that many of the ground proximity warning

system's chief inventors reside there. Additionally, it

appears that records relating to flight tests of SDC's

ground proximity warning system are located at the FAA's

regional office in Seattle. All parties also agree that

discovery regarding the development of the ground proximity

warning system will be taken from the Boeing Company, an

aircraft concern which is headquartered in the Western
District of Washington, as well as from SDC. Thus, we
are persuaded that most of the relevant documents and
witnesses on the central issue of the validity of SDC's
patents are located in the vicinity of that district.
Moreover, several parties represent that significant common
discovery on antitrust issues involved in this litigation will also
focus on SDC documents and employees found in the Seattle
area. Finally, since certain parties maintain that the
action now pending in Washington state court is related to
the federal actions, that action could, if appropriate, be
coordinated with the federal actions. This possibility
of promoting state/federal coordination is another factor
favoring the selection of the Western District of Washington.
See In re Bomb Disaster at Roseville, California, on April 28,
1973, 399 F. Supp. 1400, 1403 (J.P.M.L. 1975).

Some of the parties favoring transfer to the Western
District of Washington contend that the possibility of trade
secret disclosure and other burdens on the parties in
connection with discovery on non-common issues is  so great
as to warrant suspension of that discovery until the actions
are remanded to their transferor districts. These parties urge

the Panel to impose such a limitation in its transfer order.
Similarly, defendants in the Florida action have requested
that the Panel confine Section 1407 proceedings in the
Western District of Washington to issues which would involve
documentary or depositional discovery in the Seattle area.
These requests are misdirected, for the Panel has neither
the power nor the inclination to dictate in any way the
manner in which the coordinated or consolidated pretrial
proceedings are to be conducted by the transferee judge.  The
scope of those proceedings, including the extent to which discovery
is permitted, is a matter exclusively within the control of
the transferee judge.  See In re Plumbing Fixtures Litigation,
298 F. Supp. 484, 489 (J.P.M.L. 1968).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C.
§1407, the actions listed on the following Schedule A be,
and the same hereby are, transferred to the Western District
of Washington and, with the consent of that court, assigned
to the Honorable James M. Fitzgerald, sitting by designation
pursuant to 28 U.S.C. §292(b), for coordinated or consolidated
pretrial proceedings.

Schedule A  -- Docket No. 317

| SOUTHERN DISTRICT OF FLORIDA | Civil Action No. |
|---|---|
| Sundstrand Data Control, Inc. v. The Bendix Corp., et al. | 76-6485-CIV-JE |

NORTHERN DISTRICT OF ILLINOIS

Sundstrand Data Control, Inc. v.          76C4123
Allegheny Airlines, Inc., et al.

NORTHERN DISTRICT OF IOWA

Rockwell International Corp., et al.       C77-44
v. Sundstrand Data Control, Inc.

NORTHERN DISTRICT OF OKLAHOMA

Sundstrand Data Control, Inc. v.          76-C-564-C
American Airlines, Inc., et al.

Litton Systems, Inc. v. Sundstrand        77-C-134-C
Data Control, Inc.